UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD WHITEMAN,

      Plaintiff,

v.                                     Case No:   2:17-cv-543-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## OPINION AND ORDER

Before the Court is Plaintiff Richard Whiteman's Complaint, filed on October 3, 2017.

(Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social

Security Administration ("SSA") denying his claim for a period of disability and disability

insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter

referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal

memorandum detailing their respective positions. For the reasons set out herein, the decision of

the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. §

405(g).

## I.     Social Security Act Eligibility, the ALJ Decision, and Standard of Review

### A.     Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason

of any medically determinable physical or mental impairment that can be expected to result in

death or that has lasted or can be expected to last for a continuous period of not less than twelve

months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.

The impairment must be severe, making the claimant unable to do his previous work or any other

substantial gainful activity that exists in the national economy.  42 U.S.C. §§ 423(d)(2),

1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911.  Plaintiff bears the burden of

persuasion through step four, while the burden shifts to the Commissioner at step five.  *Bowen v.*

*Yuckert*, 482 U.S. 137, 146 n.5 (1987).

## B.    Procedural History

On September 16, 2012, Plaintiff filed an application for disability insurance benefits.

(Tr. at 118, 218-19).  Plaintiff asserted an onset date of August 10, 2010.  (*Id.* at 218).  Plaintiff's

application was denied initially on May 16, 2013, and on reconsideration on December 2, 2013.

(*Id.* at 119, 136).  A hearing was held before Administrative Law Judge ("ALJ") T. Whitaker on

May 31, 2016.  (*Id.* at 45-87).[1]  The ALJ issued an unfavorable decision on September 15, 2016.

(*Id.* at 27-38).  The ALJ found Plaintiff not to be under a disability any time from August 10,

2010, the alleged onset date, through September 30, 2014, the date last insured.  (*Id.* at 37).

On August 14, 2017, the Appeals Council denied Plaintiff's request for review.  (*Id.* at 1-

5).  Plaintiff filed a Complaint (Doc. 1) in the United States District Court on October 3, 2017.

This case is ripe for review.  The parties consented to proceed before a United States Magistrate

Judge for all proceedings.  (*See* Doc. 14).

## C.    Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant

has proven that she is disabled.  *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir.

2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[2]  An ALJ must determine

---

[1]  A prior hearing was held on December 10, 2015, but was postponed to allow Plaintiff time to
retain a representative and to obtain additional medical records.  (Tr. at 88-104).

[2]  Unpublished opinions may be cited as persuasive on a particular point.  The Court does not
rely on unpublished opinions as precedent.  Citation to unpublished opinions on or after January

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on September 30, 2014. (Tr. at 29). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity from his alleged onset date of August 10, 2010, through his date last insured of September 30, 2014. (*Id.*). At step two, the ALJ determined that through the date last insured, Plaintiff suffered from the following severe impairments: "asthma, chronic obstructive pulmonary disease (COPD), pulmonary nodules, chronic bronchitis with bronchospasm, chronic sinusitis and allergies, migraine headaches, chronic daily headache, sleep apnea, a history of traumatic frontal lobe brain injury status post subdural hematoma, a major depressive disorder, anxiety, and an obsessive compulsive disorder (20 CF'R 404.1520(c))." (*Id.*). At step three, the ALJ determined that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (*Id*. at 30).

At step four, the ALJ determined:

---

1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: He is limited to a work environment with no exposure to respiratory irritants such as odors, dusts, and gases. He must avoid all exposure to extreme cold, extreme heat, wetness, humidity, vibration, poorly ventilated areas, chemicals, unprotected heights and dangerous machinery. In addition, the claimant is limited to simple, routine, and repetitive work with no interaction with the public. He is further limited to work that allows the individual to be off task five percent of the work day in addition to regularly scheduled breaks.

(Tr. at 32).

The ALJ determined that Plaintiff was unable to perform his past relevant work as a financial services sales representative, telephone sales associate, mortgage loan originator, and consumer finance manager. (*Id.* at 36). At step five, the ALJ determined that considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (*Id.*). The ALJ determined that Plaintiff has the ability to perform work at all exertional levels, but this finding is compromised by Plaintiff's nonexertional limitations. (*Id.* at 37). To determine the extent to which these nonexertional limitations erode the occupational base of unskilled work at all exertional levels, the ALJ asked a vocational expert whether jobs exist in the national economy for an individual with Plaintiff's age, education, work experience, and RFC. (*Id.*). The vocational expert identified the following representative occupations that the individual would have been able to perform through the date last insured: (1) power screwdriver operator, DOT # 699.685-026; (2) assembler, DOT # 806.684-010; and (3) sandwich maker, DOT # 317.664-010. (*Id.* at 37).[3] The ALJ concluded that Plaintiff was not under a disability from August 10, 2010, the alleged onset date, through September 30, 2014, the date last insured.. (*Id.*).

---

[3] "DOT" refers to the *Dictionary of Occupational Titles*.

**D. Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**II. Analysis**

On appeal, Plaintiff raises three issues. As stated by the parties, they are:

(1)     Whether the ALJ's consideration and analysis of the medical opinion evidence is supported by substantial evidence and consistent with the requirements of 20 C.F.R. § 404.1527 and Social Security Ruling ("SSR") 96-2p.

5

(2)     Whether the ALJ's assessment of Plaintiff's credibility is supported by substantial evidence.

(3)     Whether the RFC assessment is supported by substantial evidence.

(Doc. 18 at 9, 16, 21).  The Court addresses each issue in turn.

## A.     Whether the ALJ's Consideration of the Medical Opinion Evidence Is Supported by Substantial Evidence

Plaintiff argues that the ALJ improperly assigned little weight to the opinions of Dr. Boxer and Dr. Srodulski.  (*Id.* at 10-12).  The Commissioner responds that the ALJ properly weighed these medical opinions.  (*Id.* at 12).  The Court addresses the issues relating to Dr. Boxer first and then turns to Dr. Srodulski's opinion.

### 1.     Dr. Boxer's Opinion

Plaintiff argues that the ALJ improperly afforded little weight to Dr. Boxer's opinion that Plaintiff was unable to work due to fatigue and poor concentration.  (*Id.* at 10).  Plaintiff claims that the ALJ's reason – that Dr. Boxer did not include a functional capacities evaluation – is not required under the regulations.  (*Id.*).

The Commissioner asserts that good reasons and substantial evidence support the ALJ's decision to afford Dr. Boxer's opinion little weight.  (*Id.* at 13).  The Commissioner argues that Dr. Boxer's opinion that Plaintiff is disabled even temporarily and that his condition renders him unable to perform work are decisions reserved for the Commissioner and the ALJ appropriately afforded this opinion little weight.  (*Id.* at 13).

Robert W. Boxer, M.D. was one of Plaintiff's treating physicians.  (Tr. at 770-71). Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's RFC determination at step four.  *See Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).  The Eleventh Circuit has held that whenever a

physician offers a statement reflecting judgments about the nature and severity of a claimant's

impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do

despite his or her impairments, and the claimant's physical and mental restrictions, the

statement is an opinion requiring the ALJ to state with particularity the weight given to it and

the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir.

2011). Without such a statement, "it is impossible for a reviewing court to determine whether

the ultimate decision on the merits of the claim is rational and supported by substantial

evidence." *Id.* (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The opinions of treating physicians are entitled to substantial or considerable weight

unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir.

2004). The Eleventh Circuit has concluded that good cause exists when: (1) the treating

physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary

finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's

own medical records. *Id.*

In Plaintiff's argument as to this issue, Plaintiff only refers to a letter by Dr. Boxer dated

February 19, 2013 directed to the Illinois Department of Human Services. (Doc. 18 at 11 (citing

Tr. at 770-71)). In this letter, Dr. Boxer indicates that he treated Plaintiff on May 22, 2012, but

had not seen Plaintiff for several months. (Tr. at 770). Dr. Boxer also indicates that Plaintiff had

a history of "extreme sensitivity to chemicals, vapors, and also some history of depression and

anxiety as well as chronic bronchitis and chronic sinusitis, migraine headaches, and tinnitus."

(*Id.*). Dr. Boxer determines that Plaintiff suffered from an elevated white count, recurrent

infections, easy fatigability, and difficulty in concentrating. (*Id.*). Although without any

elaboration or citation to a specific functions list, Dr. Boxer finds that:

> In terms of performing the functions that were listed, if [Plaintiff] did not have the condition that he had, I think that physically he would be able to do most of the physical steps, but I do think that presently without a firm diagnosis and without a successful treatment, that [Plaintiff] is unable to do those tasks in a meaningful way.

(*Id.*). Again, although not entirely clear, it appears that Dr. Boxer concludes that disability "is warranted and very justifiable, or at least temporarily" in situations such as the one Plaintiff faces. (*Id.* at 771).

In the decision, the ALJ noted that Dr. Boxer treated Plaintiff since May 22, 2012, but as of February 19, 2013 (the date of the letter), Dr. Boxer had not seen Plaintiff for several months. (Tr. at 33). The ALJ also noted that Dr. Boxer found that Plaintiff was unable to work because of allergies that affected his concentration and energy. (*Id.*). The ALJ afforded little weight to Dr. Boxer's opinion that Plaintiff's allergies "resulted in [an] inability to work due to fatigue and poor concentration (Exhibit 9F)." (*Id.* at 34). The ALJ determined that "[t]his assessment is given little weight as it does not include a functional capacities evaluation. In addition, the extreme limits are not supported by the medical evidence of record." (*Id.*). The ALJ also explained that Dr. Boxer's opinion is entitled to little weight because it is the Commissioner who is ultimately responsible for making the determination as to whether an individual meets the statutory definition of disability. (*Id.*). "Therefore, an Administrative Law Judge is not bound by a statement by a medical source that an individual is 'disabled' or 'unable to work.'" (*Id.* at 34-35).

Here, the ALJ considered Dr. Boxer's opinion and afforded it little weight. (Tr. at 34). The ALJ discounted Dr. Boxer's opinion partially because he did not provide a functional capacities evaluation. (*Id.* at 343). Dr Boxer found Plaintiff to have the symptoms of fatigue and difficulty in concentrating. (*Id.* at 770). Dr. Boxer did not, however, provide an opinion as to exactly what Plaintiff was able to do despite his impairments. *Winschel*, 631 F.3d at 1178-79.

The existence of these symptoms does not, in and of themselves, indicate whether Plaintiff has functional limitations regarding work. *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) ("[T]he mere existence of these impairments does not reveal the extent, to which they limit her ability to work or undermine the ALJ's determination in that regard."). Thus, the Court finds that Dr. Boxer's opinion does not include any specific functional limitations, other than a conclusory statement that an individual with Plaintiff's limitations is disabled, at least temporarily.

More importantly, the ALJ afforded little weight to Dr. Boxer's opinion because Dr. Boxer determined in a conclusory fashion that Plaintiff was eligible for disability, at least temporarily. (Tr. at 34; 771). Good cause exists to discount a treating physician's opinion when the treating physician's opinion – in this case Dr. Boxer's opinion – is conclusory. *Phillips*, 357 F.3d at 1240. In addition the ALJ correctly noted that an opinion as to whether Plaintiff is eligible for disability – even temporarily – is a matter reserved to the Commissioner. *See Lanier v. Comm'r of Soc. Sec.*, 252 F. App'x 311, 314 (11th Cir. 2007) (citing 20 C.F.R. § 404.1527(e)). Further, the ALJ also noted that Dr. Boxer's finding of extreme limitations is not supported by the medical evidence of record. (*Id.* at 34). Thus, the Court finds that the ALJ did not err in affording Dr. Boxer's opinion little weight.

Accordingly, the Court finds that ALJ articulated good cause to afford Dr. Boxer's opinion little weight. Further, the Court finds that the ALJ's decision as to this issue is supported by substantial evidence.

### 2. Dr. Srodulski's Opinion

Plaintiff argues that the ALJ improperly afforded little weight to Dr. Srodulski's opinion that Plaintiff was unable to function most days due to respiratory issues. (Doc. 18 at 11).

The Commissioner argues that the ALJ is not required to defer to Dr. Srodulski's opinion because he evaluated Plaintiff one time and had no treatment history with Plaintiff. (*Id.* at 14).

Plaintiff presented to Janusz Srodulski, M.D. one time on March 23, 2015. (Tr. at 825-29). Even though Dr. Srodulski is not considered a treating physician, the ALJ is nonetheless required to consider every medical opinion. *Bennett v. Astrue*, No. 308-CV-646-J-JRK, 2009 WL 2868924, at *2 (M.D. Fla. Sept. 2, 2009) (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)). "The ALJ is to consider a number of factors in determining how much weight to give to each medical opinion: (1) whether the doctor has examined the claimant; (2) the length, nature, and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's 'opinion is with the record as a whole'; and (5) the doctor's specialization." *Forsyth v. Comm'r of Soc. Sec.*, 503 F. App'x 892, 893 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)).

Plaintiff argues that the ALJ improperly gave little weight to Dr. Srodulski's opinion that Plaintiff was unable to function most days due to his respiratory issues. (Doc. 18 at 11). Plaintiff argues that the ALJ failed to observe that Dr. Srodulski's opinion is corroborated by Dr. Boxer's opinion and consistent with the treating records of Dr. Chudwin and Dr Katz who found that Plaintiff required medical intervention for allergic rhinitis, bronchitis, bronchospasm, and headaches. (*Id.* at 11-12). Plaintiff also contends that there is a "strong body of evidence to support Dr. Srodulski's opinion, despite the fact that [he] actually treated Plaintiff only once." (*Id.* at 12).

The Commissioner argues that the ALJ is not required to defer to Dr. Srodulski's opinion. (*Id.* at 14). The Commissioner contends that the ALJ properly considered Dr. Srodulski's

opinion in light of Dr. Srodulski seeing Plaintiff one time and having no treatment history with

him.  (*Id.*).

In Dr. Srodulski's progress notes dated March 23, 2015, Dr. Srodulski found Plaintiff had

fatigue, malaise, earache, nasal congestion, nasal drainage, sinusitis, a cough, and abdominal

pain.  (Tr. at 826).  Dr. Srodulski did not find that Plaintiff had difficulty breathing, difficulty

breathing on exertion, dyspnea, and wheezing.  (*Id.*).  Dr. Srodulski also found upon

examination, Plaintiff's lungs and chest revealed "normal excursion with symmetric chest walls,

quiet, even and easy respiratory effort with no use of accessory muscles and on auscultation,

normal breath sounds, no adventitious sounds and normal vocal resonance."  (*Id.* at 827).  Dr.

Srodulski diagnosed Plaintiff with, *inter alia*, environmental allergies – "severe/unable to

function most days with severe weakness/headaches – [especially] indoors."  (*Id.* at 829).

In the decision, the ALJ noted that Dr. Srodulski opined that Plaintiff "was unable to

function most days due to allergies."  (Tr. at 34).  The ALJ also noted that Dr. Srodulski

evaluated Plaintiff one time and "has no treatment history to support this statement."  (*Id.*).

Further, the ALJ determined that "objective findings also do not support this level of limitation."

(*Id.*).  The ALJ then afforded Dr. Srodulski's opinion little weight.  (*Id.*).  Further, the ALJ also

afforded Dr. Srodulski's opinion little weight because his opinion on the issue of whether a

claimant is able to work is a matter reserved to the Commissioner.  (*Id.* at 34-35).

Here, the ALJ considered Dr. Srodulski's medical record and his opinion that Plaintiff is

unable to function most days due to allergies.  (*Id.*).  Based upon Dr. Srodulski evaluating

Plaintiff one time, the ALJ is not required to afford Dr. Srodulski's opinion deference.

*Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013) ("The ALJ does

not have to defer to the opinion of a physician who conducted a single examination, and who was not a treating physician.").

In addition, Dr. Srodulski concluded that Plaintiff is unable to function most days, which leads to the conclusion that Plaintiff is therefore unable to work. (Tr. at 829). The Court finds that the ALJ's two reasons to discount this opinion are supported by substantial evidence. (*Id.* at 34-35). First, the ALJ found that the determination of whether Plaintiff is able to work is a decision reserved to the Commissioner and not to a physician. *See Lanier v. Comm'r of Soc. Sec.*, 252 F. App'x 311, 314 (11th Cir. 2007) (citing 20 C.F.R. § 404.1527(e)). Second, Dr. Srodulski evaluated Plaintiff one time, thus, he has no treatment history to support a statement that Plaintiff is unable to function most days. (Tr. at 34).

Finally, Plaintiff claims that Dr. Srodulski's opinion is supported by other medical evidence of record. Plaintiff claims that the opinions of Drs. Chudwin and Katz found that Plaintiff required medical intervention for allergic rhinitis, bronchitis, bronchospasm, and headaches. (Doc. 18 at 11-12 (citing Tr. at 366, 367-68, 369-70, 377-78, 742-44, 753)). Even within these cited records, the doctors determined that upon examination, Plaintiff's lungs were clear, no coughing, no wheezing, normal breath sounds throughout all lung fields, no rales, and no rhonchi, (*Id.* at 367, 369, 744, 753). Thus, substantial evidence support the ALJ's finding that objective findings do not support the extreme limitations found by Dr. Srodulski. (*Id.* at 34).

Accordingly, the Court finds that ALJ articulated good cause to afford Dr. Srodulski's opinion little weight. Further, the Court finds that the ALJ's decision as to this issue is supported by substantial evidence.

**B.** **Whether the ALJ's Assessment of Plaintiff's Credibility Is Supported by Substantial Evidence.**

Plaintiff claims that the ALJ did not assert sufficient reasons to find Plaintiff's statements not entirely consistent with the medial evidence and other evidence of record. (Doc. 18 at 16-17).

The Commissioner argues that the ALJ is not required to defer to Plaintiff's subjective complaints and may reject Plaintiff's testimony if the ALJ provides sufficient reasons. (*Id.* at 18-19). Thus, the Commissioner contends that in this case, the ALJ provided explicit and adequate reasons for discounting Plaintiff's subjective complaints. (*Id.* at 19).

To establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.3d 1221, 1223 (11th Cir. 1991)). After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them as not credible, and that determination will be reviewed to determine if it is based on substantial evidence. *Moreno v. Astrue*, 366 F. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992)).

If an ALJ discredits the subjective testimony of a plaintiff, then he must "articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson*, 284 F.3d at 1225 (citations omitted). "A clearly articulated credibility finding with

substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote*

*v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)).[4]

The factors an ALJ may consider in evaluating a plaintiff's subjective symptoms are:

"(1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3)

precipitating and aggravating factors; (4) effects of medications; (5) treatment or measures taken

by the claimant for relief of symptoms; and other factors concerning functional limitations."

*Moreno*, 366 F. App'x at 28 (citing 20 C.F.R. § 404.1529(c)(3)).

Here, the ALJ found that Plaintiff's medically determinable impairments "could

reasonably be expected to cause the alleged symptoms; however, the claimant's statements

concerning the intensity, persistence and limiting effects of these symptoms are not entirely

consistent with the medical evidence and other evidence in the record for the reasons explained

in this decision." (Tr. at 34). The ALJ supported this decision as follows:

> The claimant's alleged limitations are not fully consistent with the medical
> evidence. The claimant alleges persistent disabling chronic sinusitis and bronchitis,
> with fatigue and shortness of breath. While he testified that he does not sing or
> play drums often, he admitted that he does sing in a choir and play percussion in a
> band. He alleges that he does not practice beforehand, but the fact of the matter is
> that the claimant has the energy and the lung capacity to sing and play drums. He
> testified that he will play the price later, but the record does not show a disabling
> lung condition. The medical evidence establishes that the claimant has seasonal
> bronchitis and/or sinusitis brought on by allergies, but it does not establish a
> persistent, continual, debilitating problem that would lead to such fatigue as to
> render the claimant disabled. The claimant required no treatment at all in 2014,
> and admitted that he improved once he moved to Florida. The record shows
> seasonal allergies in the autumn of 2012 (Exhibit 5F), a cold in winter of 2013 (9F,

---

[4] Effective March 28, 2016, SSR 16-3p superseded SSR 96-7p. *See* SSR 16-3p, 2016 WL
1119029 (March 16, 2016). SSR 16-3p explains that "we are eliminating the use of the term
'credibility' from our sub-regulatory policy, as our regulations do not use this term. In doing so,
we clarify that subjective symptom evaluation is not an examination of an individual's
character." *Id.*

l3F), and a winter cold in 2016. These objective findings are not consistent with the alleged constant, chronic, debilitating sinus issues alleged.

(*Id.*).

The Court finds that the ALJ articulated an in-depth analysis of Plaintiff's subjective symptoms and considered them thoroughly in the decision. (*Id.*to at 32, 34). The ALJ considered Plaintiff's daily activities, the nature and intensity of Plaintiff's symptoms, any precipitating and aggravating factors, the effects of Plaintiff's medications, Plaintiff's treatment for his conditions, and the medical record as a whole. (*Id.* at 32-36). The ALJ credited some of Plaintiff's subjective symptoms as evinced by the limitations in the RFC, such as the following: (1) a work environment with no exposure to respiratory irritants such as odors, dusts, and gasses; (2) a work environment that avoids all exposure to extreme cold, extreme heat, wetness, humidity, vibration, poorly ventilated areas, chemicals, unprotected heights, and dangerous machinery; and (3) a job that allows an individual to be off task five percent of the workday. (*Id.* at 32).

Further, the ALJ provided clearly articulated reasons supported by substantial evidence of record to reject some of Plaintiff's other subjective symptoms. Plaintiff objects to the ALJ's characterization of Plaintiff's respiratory complaints as "seasonal allergies in the autumn of 2012, a cold in the winter of 2013, and a winter cold in 2016," and that these medical records are not consistent with the alleged debilitating, chronic, and constant sinus issues. (Doc. 18 at 17 (citing Tr. at 34)). The gist of the ALJ's statement is that Plaintiff suffers from respiratory issues periodically and the ALJ found that the medical records did not support Plaintiff's statements of the debilitating, chronic, and constant nature of his sinus problems. (Tr. at 34). As stated above, although Plaintiff was diagnosed with respiratory ailments, the medical records also show that at times, Plaintiff's doctors determined that upon examination, Plaintiff's lungs were clear, no

coughing, no wheezing, normal breath sounds throughout all lung fields, no rales, and no

rhonchi.  (*Id.* at 367, 369, 744, 753).[5]

Accordingly, the Court finds that the ALJ did not err in her subjective symptom

determination and this determination is supported by substantial evidence.

### C.       Whether the RFC Assessment Is Supported by Substantial Evidence

Plaintiff argues that the ALJ erred by not including any exertional limitations in the RFC.

(Doc. 18 at 22).  Plaintiff claims that this finding is not supported by substantial evidence.  (*Id.*).

Plaintiff also claims that he told a consulting physician that he could only perform tasks at a slow

pace and spent much time sleeping.  (*Id.*).  Further, Plaintiff claims that he becomes "extremely

fatigued" even with minimal activity and multiple treating providers corroborate Plaintiff's

statements.  (*Id.* (citing Tr. at 770-71, 829)).

The Commissioner argues that Plaintiff did not prove he has exertional limitations that

prevent him from performing the jobs identified by the ALJ.  (*Id.* at 23).  The Commissioner

claims that the ALJ weighed the medical evidence and considered Plaintiff's subjective

complaints when formulating the RFC.  (*Id.*).  Thus, the Commissioner contends that the ALJ's

RFC finding is supported by the evidence.  (*Id.*).

---

[5]  Plaintiff also mentions that the ALJ indicated that Plaintiff sought no medical treatment in
2014.  (Doc. 18 at 17).  Plaintiff argues that he had no health insurance during this time and
could not afford medical visits, but took previously prescribed medications to treat his
symptoms.  (*Id.*).  The Court finds that this lack of treatment was only one factor that the ALJ
considered in assessing Plaintiff's credibility, and not the sole reason to find Plaintiff not
credible.  *See Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) ("[W]hen an ALJ relies
on noncompliance as the sole ground for the denial of disability benefits, and the record contains
evidence showing that the claimant is financially unable to comply with prescribed treatment, the
ALJ is required to determine whether the claimant was able to afford the prescribed treatment.").
Thus, the Court finds that the ALJ did not err when considering Plaintiff's lack of medical
treatment in 2014 as one factor in determining the credibility of Plaintiff's statements.

"The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations secondary to his established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all of the relevant evidence of record. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). However, the Eleventh Circuit has consistently held that "the claimant bears the burden of proving that he is disabled, and consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

As stated above, the ALJ considered the medical records and other evidence in this case as well as the subjective statements of Plaintiff. The ALJ found Plaintiff's statements not to be entirely consistent with the medial evidence and other evidence in the record. (Tr. at 34). The ALJ did, however, include limitations in the RFC based upon the medical records and Plaintiff's statements, including Plaintiff's statements concerning fatigue. The ALJ found:

> The claimant must also avoid the public as a precaution regarding his respiratory impairments as well as the impact of mental impairment on his social functioning. The claimant is limited to simple, routine and repetitive work that allows him to be off-task five percent of the workday as described about due to his fatigue, physical symptoms, and reduced concentration from his physical and mental impairments. The residual functional capacity assessment is further supported by the claimant's testimony and the state agency medical consultant findings.

(Tr. at 36). Thus, the ALJ considered Plaintiff's exertional limitations and limited the RFC accordingly.

Regarding the hypothetical to the vocational expert, the ALJ is required to pose a hypothetical question that includes all of the limitations the ALJ found supported by the record

and not all of Plaintiff's subjective complaints. *Lee v. Comm'r of Soc. Sec.*, 448 F. App'x 952, 953 (11th Cir. 2011) (citing *Crawford*, 363 F.3d at 1161).  In the hypothetical question in this case, the ALJ included all of the limitations that she found were supported by substantial evidence in the hypothetical question to the vocational expert.  (Tr. at 83-85).  Thus, the Court finds that the ALJ's RFC assessment and hypothetical posed to the vocational expert are supported by substantial evidence.

## III.    Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that substantial evidence supports the ALJ's decision and the decision was decided upon proper legal standards.

**IT IS HEREBY ORDERED:**

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on December 18, 2018.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties